UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOHAMMED M. HUNAFA,

      Plaintiff,

v.                                           Case No. 8:12-cv-311-T-33TBM

MR. and MRS. MJ SILWAD,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which is construed as a motion for leave to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915. While his affidavit reveals Plaintiff likely lacks the resources necessary to pay the filing fee for this action,[1] I find that the Complaint fails to state a claim and therefore I recommend that the court dismiss this action.

I.

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, the plaintiff must

---

[1] Plaintiff's application is not notarized. However, his statement that, "I declare under penalty of perjury that the information below is true and understand that a false statement may result in a dismissal of my claims," is sufficient to satisfy the requirements of 28 U.S.C. § 1915. *See* 28 U.S.C. § 1746.

allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). This provision tracks the language of Federal Rule of Civil Procedure 12(b)(6) and this circuit applies Rule 12(b)(6) standards reviewing dismissals under § 1915(a). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). In determining whether the plaintiff has stated a claim on which relief may be granted, the court must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). While the complaint does not need detailed factual allegations, the allegations must be enough to raise a right to relief about the speculative level. *Twombly,* 550 U.S. at 555-56.

Additionally, the court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invests., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

II.

Plaintiff filed suit against Mr. and Mrs. Silwad, owners and operators of the Super Corner Food Mart in Bradenton, Florida, on February 13, 2012, pursuant Title II of the Civil

2

Rights Act of 1964, 42 U.S.C. § 2000a, et seq. The gist of Plaintiff's claim is that Mrs. Silwad discriminated against him when she refused to sell him four individual cigarettes but later the same day an associate of his was sold four individual cigarettes without incident at the same store. Plaintiff seeks $50,000.00 in damages. (Doc. 1).

III.

In a light favorable to Plaintiff, I am unable to find that he states a claim under Title II, which provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). To state a claim for public accommodation discrimination under Title II, Plaintiff must allege the following: (1) he is a member of a protected class; (2) he attempted to contract for services and to afford himself the full benefit and enjoyment of a public accommodation; (3) he was denied the right to contract for those services and, thus, was denied those benefits and enjoyments; and (4) similarly situated persons who are not members of the protected class received full benefits or enjoyment, or were treated better. *See Afkhami v. Carnival Corp.*, 305 F. Supp. 2d 1308, 1322 (S.D. Fla. 2004) (citations omitted).

At the outset, Plaintiff does not identify his membership in a particular protected class, i.e., whether the alleged discrimination was based on race, color, religion, or national origin. Additionally, it is unclear from the allegations in the Complaint whether the Super Corner Food Mart is a place of public accommodation within the meaning of the statute. *See* 42 U.S.C. § 2000a(b) (identifying places of public accommodation). And, while Plaintiff alleges that he attempted to purchase four individual cigarettes and the right to service in a

food store is a right or privilege in contemplation of the application statute, *see United States v. Johnson*, 390 U.S. 563, 565-56 (1968) (right to service in a restaurant), I am unaware of any authority supporting Plaintiff's right to purchase individual cigarettes and Plaintiff does not cite any such authority. Finally, while it may be reasonable to infer that Plaintiff's "associate" was a similarly situated individual who was not a member of a protected class, given the whole of the allegations or lack thereof, I decline to so do.[2]

IV.

For these reasons set forth above, I recommend that the court **DISMISS** the Complaint (Doc. 1) and **DENY** without prejudice Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2). It is further recommended that the court direct the Plaintiff to file an Amended Complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure clearly setting forth cognizable causes of action within twenty days (20) of the court's Order, failing which may result in a dismissal of the action without further notice.

                                          Respectfully submitted on this
                                          10th day of May 2012.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

---

[2]To the extent that Plaintiff seeks to assert a claim under § 1983 (Doc. 4, ¶ 4), his claim fails. Private conduct is not actionable under § 1983. Rather, to state a claim for relief, the alleged deprivation of a constitutional right must occur "under color of state law." *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003).

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable Virginia M. Hernandez Covington, United States District Judge
Pro se Plaintiff